WILLIAM SCOFIELD, Plaintiff in Error, *v.* JOHN BESSENDEN and JAMES KEUNER, Defendants in Error.

ERROR TO EDWARDS.

Where depreciated bank paper is received of a purchaser at a sheriff's sale, by order of the plaintiff in execution, it is received as so much money; and neither the judgment debtor nor a subsequent judgment creditor can redeem by paying the cash value of the depreciated paper, but he must pay the full amount, as it was received of the purchaser.

THIS suit was heard at the April term, 1852, of the Edwards Circuit Court, by S. S. MARSHALL, Judge, who dissolved a preliminary injunction which had been granted, and dismissed the bill.

The bid of Bessenden was one thousand dollars, the tender of Scofield, as judgment creditor, to the sheriff, was for $675.00.

The statement of the case is sufficiently made in the opinion of the court.

W. H. UNDERWOOD, and R. F. WINGATE, for plaintiff in error.

C. CONSTABLE, for the defendants in error.

CATON, J.   The bank obtained a judgment against Pickering, upon which his lands were sold to Bessenden, who paid the amount of his bid in the bills of the bank, at their nominal value, the bills being at that time uncurrent.   From this sale the judgment debtor never redeemed.   Subsequently Scofield obtained a judgment against Pickering, and before the expiration of the fifteen months applied to the sheriff to redeem from the sale as a judgment creditor of Pickering, and for that purpose tendered to the sheriff in cash the value of the notes of the bank which had been paid by Bessenden upon his purchase, with ten per cent. interest.   At the time of the sheriff's sale, it was openly proclaimed by him that the notes of the bank would be taken for the land.   The sheriff refused to accept the complainant's tender as a redemption of the premises, and this bill is filed to compel him to do so.

Our statute gives the judgment creditor the right to redeem by paying " the sum of money which may have been paid on the purchase thereof, or the amount given or bid is purchased by the plaintiff in the execution," &c.   The question is, What was the sum of money paid on this purchase?   The purchaser paid one thousand dollars in the bills of the bank.   One thing seems clear, that he either paid this amount in money, or he paid no money at all.   The bills were either received as money or as property.   If they were received by the plaintiff in execution as so much money, then that amount of money was paid on the purchase.   They were not paid or received as six hundred dollars in money, which was their actual cash value in the market.   It was the right and the duty of the bank to receive its own bills as cash, at their nominal value.   It was the right of the judgment debtor to have paid off the judgment in the bills of the bank at their nominal value.   This payment was as to both the judgment creditor and the judgment debtor, a payment of so much cash; for the judgment was satisfied to that amount.   The judgment creditor could not have been compelled to have taken six hundred dollars in specie in satisfaction of this bid, nor any thing less than the one thousand dollars.   Had the purchaser not been able to pay the bid in the bills of the bank, he would have been obliged to have paid the whole amount of the bid in specie.   Nearly all our paper circulation at that time was at a greater or less discount, and the bank might, if she had seen proper, have received other paper money in satisfaction of the bid, and had she done so, could a redeeming judgment creditor have compelled the purchaser to receive less in cash, than he had paid in currency, which was received as cash?   If this judgment creditor has a right to

redeem by paying six hundred dollars and interest, the judgment debtor had the same right during the twelve months, and thus he might have paid one thousand dollars of the judgment with but six hundred dollars in money.

But the statute does not contemplate any such depreciated redemption. The cash value of this paper was a question of fact and open to controversy, and the law has furnished the sheriff no means of trying this question of fact so as to be binding on the parties and protect himself. If he is obliged to receive the cash value of the paper as a redemption, then the purchaser was obliged to receive the same of him, but the purchaser might have insisted that the paper was worth more than the sheriff had supposed and had accepted, and if upon a trial between the purchaser and the sheriff a jury had found such to be the case, to say the least of it, the sheriff must have sustained the loss. So on the other hand, had the sheriff misjudged as to the value of the paper, supposing it to have been worth more than a jury should find, and refused to accept the amount tendered, he would have again rendered himself liable, although acting in the utmost good faith. Can it be that the effect of this statute is to place the sheriff in such a dilemma? Such was never the intention of the legislature, nor is it the true construction of the law. The bill was properly dismissed, and the decree of the circuit court must be affirmed.

*Decree affirmed.*